UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANDRE D. PAYNE., | |
| Plaintiff, | |
| v. | CAUSE NO. 3:25-CV-948-TLS-JEM |
| J. MORRIS, et al., | |
| Defendants. | |

**OPINION AND ORDER**

Andre D. Payne, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983 and moves for leave to proceed in forma pauperis. (ECF 1, 2.) Court records reflect that Payne has incurred three "strikes" for filing lawsuits that were dismissed as frivolous, malicious, or for failure to state a claim.[1] *See* 28 U.S.C. § 1915(g).

An inmate who has "struck out" under 28 U.S.C. § 1915(g) "can use the partial prepayment option in § 1915(b) only if . . . he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996) (quoting 28 U.S.C. § 1915(g)). In order to meet the imminent danger standard, the threat complained of must be "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citation omitted). "Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed." *Id.* In plain terms, only "genuine emergencies" qualify as a basis for circumventing 28 U.S.C. § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

---

[1] Payne was told he was three-struck earlier this year. *See Payne v. Pliley,* 3:25-CV-524-HAB (N.D. Ind. closed Aug. 14, 2025). He incurred strikes in the following cases, all of which were dismissed under 28 U.S.C. § 1915A: *Payne v. Smith, et al.*, No. 3:25-CV-235-PPS-JEM (N.D. Ind. closed May 27, 2025); *Payne v. Lahey*, No. 3:16-CV-854-RL-MGG (N.D. Ind. closed Jan. 9, 2017); *Payne v. Cotter, et al.*, No. 3:15-CV-457-JD-CAN (N.D. Ind. closed Oct. 6, 2015).

Additionally, "[c]ourts don't accept allegations of danger uncritically." *Sanders v. Melvin*, 873 F.3d 957, 960 (7th Cir. 2017); *see Taylor v. Watkins*, 623 F.3d 483, 485–86 (7th Cir. 2010) (explaining that a court need not "blindly accept a prisoner's allegations of imminent danger," which would allow "easy evasion of the three-strikes rule").

Here, Payne claims that in August 2025 he was issued a medical diet card requiring that he be provided with meals free of banana and soy products. He describes a few instances since August in which he was given items that he claims contain soy as part of his meals, such as white bread and oatmeal. It is not entirely clear why he believes he must avoid white bread and oatmeal, as these items are not included on the list of items he was told to avoid. (ECF 1-1 at 4-5.) Regardless, he decided not to eat the items. Two of the instances he describes occurred when he was given a sack lunch because he was leaving the facility for court proceedings. He expresses concern that he is being provided eggs too often, which he worries could increase his cholesterol over time. He is also concerned that if a meal contains an item with soy, staff sometimes remove the item without replacing it, meaning he gets less food than other inmates. He seeks $500,000 in monetary damages from each of three defendants, as well as injunctive relief requiring that any item he identifies as containing soy be immediately substituted, and that he receive "daily 2,200 calories" like other inmates. (ECF 1 at 5.)

The court concludes that he does not satisfy the imminent danger exception. Documents he attaches reflect that he has a "low level" allergy to soy.[2] (ECF 1-1 at 2-3.) His allegations make clear that he has been prescribed a soy-free diet. He describes sporadic incidents in which he was given items on his food tray that he believed contained soy, but this represents a very small fraction of the meals he received in the past six months. Two of these incidents occurred in

---

[2] The same record reflects that he has a higher-level allergy to bananas, but he does not describe any incidents of being served bananas since receiving the diet card. (*See* ECF 1-1 at 2-3.)

2

an unusual situation when he was leaving the facility. There is no indication from his allegations that he ate the items or that they caused him physical problems. His concerns about a long-term need to avoid excess cholesterol and to ensure that he receives the same amount of food as other inmates do not show that he has a "genuine emergency" related to a serious physical injury. *See, e.g., Hartsock v. IDOC*, No. 2:23-CV-00289, 2024 WL 247593, at *8 (S.D. Ind. Jan. 23, 2024) (determining that an inmate's claim that vegan diet was causing him a vitamin deficiency did not satisfy imminent danger exception); *Scruggs v. Bridegroom*, No. 3:24-CV-200, 2024 WL 1554107, at *1 (N.D. Ind. Mar. 14, 2024) (finding that an inmate failed to show that trays providing 1,800 calories per day posed an imminent danger to his health); *Lockett v. Wexford Health Sources, Inc.*, No. 11-CV-3109, 2011 WL 6029816, at *2 (C.D. Ill. Dec. 5, 2011) (explaining that prisoner's claim that eating soy caused him "fainting, irritable bowel syndrome, fatigue, vomiting" and other symptoms did not satisfy imminent danger exception). Therefore, he may not proceed in forma pauperis and must instead pay the full filing fee of $405 if he wishes to proceed with this lawsuit.

For these reasons, the court:

(1) DENIES the plaintiff's motion to proceed in forma pauperis (ECF 2);

(2) GRANTS the plaintiff until **December 29, 2025**, to pay the $405 filing fee; and

(3) CAUTIONS him if he does not respond by the deadline, this case will be dismissed without prejudice for non-payment of the filing fee.

SO ORDERED on December 1, 2025.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT